DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellee, Norwest Bank Minnesota, N.A. etc. ("Norwest"), has filed a combined "Motion to Strike Transcript" and "Motion to Dismiss Appeal."
 {¶ 2} Defendant-appellant, Deborah Alex-Saunders ("Saunders"), acting pro se, filed two pleadings in response to the combined motion; the first is titled "Request to Reject Strike Transcript Reject Motion to Appeal Dismissal" and the second, filed on September 29, 2003, is titled "Request to Deny Motion to Strike and Dismiss Error of Decision Judgment Request for Summary Judgment." On October 20, 2003, Norwest filed a motion to strike the September 29, 2003 pleading because it does not contain an App.R. 13 proof of service.
 {¶ 3} We will first dispose of Norwest's motion to strike Saunders' September 29 pleading. We find that the September 29, 2003 pleading titled "Request to Deny Motion to Strike and Dismiss Error of Decision Judgment Request for Summary Judgment" does not contain an acknowledgment of service or a proof of service as required by App.R. 13. Pursuant to App.R. 13 (D), this court cannot consider any pleading which does not contain "an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service." Accordingly, we will not consider the September 29, 2003 pleading in ruling on the pending motions and it is ordered stricken.
 {¶ 4} Norwest predicates its motion to strike the transcript of proceedings on the assertion that it was not prepared by an official court reporter for the Erie County Court of Common Pleas. Saunders states that the jury trial in this case was audio recorded by
 {¶ 5} way of a "Smart Case System" which uses compact disks to record trial proceedings. These recordings were subsequently transcribed by Rosalie Stevens, a duly certified Notary Public and a Registered Professional Reporter employed by Huntley Reporting Service. Stevens signed the following certificate at the end of each volume of transcript of the trial proceedings.
 {¶ 6} "I, Rosalie Stevens, RPR and Notary Public in and for the State of Ohio certify that the within and foregoing is a transcript of a jury trial held on January 6, January 7, January 8, January 9, and January 10 from c.d.s [compact disks] furnished to me to the best of my ability to transcribe same.
 {¶ 7} "I further certify that exhibits were not released to me but were retained by the Court to be filed separately with this transcript.
 {¶ 8} "Further that [these volumes] comprise the complete transcript in this matter.
 {¶ 9} "I further certify that I have no interest in this matter."
 {¶ 10} There is no indication in the record of this case that Stevens was ever appointed by the Erie County Court of Common Pleas to transcribe proceedings for that court. App.R. 9(B) states:
 {¶ 11} "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. The reporter is the person appointed by thecourt to
 {¶ 12} transcribe the proceedings for the trial court whether by stenographic, phonogramic, or photographic means, by the use of audio electronic recording devices, or by the use of video recording systems.If there is no officially appointed reporter, App.R. 9(C) or 9(D) may beutilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." (Emphasis added.)
 {¶ 13} The Ohio Ninth District Court of Appeals has addressed App.R. 9's requirement that an officially appointed court reporter must transcribe an audio recording of a trial. See City of Twinsburg v.Atkins, 9th Dist. No. 20510, 2001-Ohio-1400. In this case the court held that without evidence in the record that a transcript of proceedings was prepared by "an official court reporter of the Summit County Court of Common Pleas," the appellate court could not consider the transcript in deciding the merits of the appeal. See also, City of Akron v. Giermann,
9th Dist. No. 20780, 2002-Ohio-2650 and Citifinancial, Inc. v. Budzik,
9th Dist. No. 02CA008155, 2003-Ohio-4149.
 {¶ 14} Appellant argues in her memorandum in opposition to the motion to dismiss that the Erie County Court of Common Pleas uses an "audio system called `Smart Case' as their (sic) official recorder. No evidence supports that the Erie County Court of Common Pleas (itself) certifies any transcriber as an Official Court reporter. There is none assigned to this court. * * * Huntley Reporter became appointed by being a Public Notary,
 {¶ 15} and by local acceptance of court reporting services for the last 15 years experience with Erie County Courts * * *."
 {¶ 16} App.R. 9(B) clearly requires that if there is no official court reporter appointed by the Erie County Common Pleas Court, then appellant must proceed under App.R. 9(C) or (D) to supply the appellate court with a record of the testimony below. To comply with App.R. 9(C), appellant could use the transcript prepared by Stevens as the "statement of the evidence or proceedings" and serve appellee with the statement. Appellee could then serve objections or proposed amendments on appellant. Appellant would then submit the "statement of evidence or proceedings," along with any objections or proposed amendments submitted by appellee, to the trial court judge "for settlement and approval." Once the document is "settled and approved" by the judge, it would be filed with the clerk and included in the record on appeal. Saunders did not follow this procedure in this case.
 {¶ 17} Appellant further argues that because Stevens is a duly certified Notary Public for the state of Ohio and a Registered Professional Reporter that the requirement that she be officially appointed by the court is unnecessary. Finally, appellant argues that Stevens is "without question qualified and of the highest integrity," and that she "worked 21 years as the court appointed recorder for Wood County and 11 years for Defiance County," and thus, the transcript she prepared should be accepted by this court on appeal. This court in no way impugns or questions Stevens' expertise, credentials, or integrity. However, these are not the measure of whether we can accept the transcript prepared by her. The criteria of App.R. 9 requires that she be "the person appointed by the trial court to transcribe the proceedings * * *."
 {¶ 18} Accordingly, we grant appellee's motion to strike and order that the three transcript of proceedings volumes be stricken from the record of this appeal. In the interest of justice, we sua sponte grant appellant leave to supplement the record on appeal with an App.R. 9(C) statement of evidence or proceedings within 30 days of the date of this decision and judgment entry.
 {¶ 19} We now turn to appellee's motion to dismiss the appeal because there is no transcript of proceedings in the record before this court. The record filed in this appeal consists of the original papers and exhibits filed in the trial court and a certified copy of the docket and journal entries prepared by the clerk. Failure to include a transcript of proceedings in the record on appeal is not grounds to dismiss the appeal; this court does not lose jurisdiction over an appeal merely because there is no transcript of proceedings. Accordingly, we deny the motion to dismiss.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Judith Ann Lanzinger, J., concur.